IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20516
Conference Calendar

_____

JOHN R. STRICKLAND,

                                        Plaintiff-Appellant,

versus

GLENDA GIVENS; PACE, Lieutenant; OBERGON, Captain;
TIMOTHY CARTER, Captain; L. N. HODGES; MORRIS M.
JONES, Warden,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-5418
- - - - - - - - - -
October 22, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Strickland, Texas prisoner # 539477, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous.  He argues that Glenda Givens retaliated against him

by filing a false disciplinary charge because Strickland made a

disparaging remark about Givens, that other prison officials

conspired with Givens to have false disciplinary action taken

against Strickland, and that the disciplinary proceedings and

subsequent punishment violated his constitutional rights.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the district court's dismissal of Strickland's § 1983 action for abuse of discretion. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A prisoner civil rights action is frivolous if it lacks an arguable basis in law or in fact. Id.

Strickland has not demonstrated that Givens's filing of the disciplinary charge would not have occurred but for Strickland's invocation of a constitutional right, and Strickland's claim of retaliation lacks an arguable basis in law. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997). Because the disciplinary sanction Strickland received consisted only of solitary confinement without extraordinary circumstances, his claim that false disciplinary charges filed against him resulted in a constitutional violation also lacks an arguable basis in law. See Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996). The district court did not abuse its discretion in dismissing Strickland's § 1983 action as frivolous.

AFFIRMED.